UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Richard Wike, | ) | C/A No. 4:13-2984-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales, and FreedomRoads, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Richard Wike filed this action in the South Carolina Court of Common Pleas, in Horry County against his former employer Defendant Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales ("Camping World") and FreedomRoads, LLC (collectively "Defendants"). ECF No. 1-1. Defendants timely removed this action to federal court on November 1, 2013. ECF No. 1. On November 8, 2013, Defendants filed a Motion to Stay Action Pending Arbitration. ECF No. 5. Plaintiff filed an opposition brief on November 25 2013; Defendant filed a Reply on December 4, 2013. ECF Nos. 8, 9. Having considered the parties' briefs, the undersigned submits this Report recommending the court grant Defendants' Motion.[1]

I.   Background

Plaintiff was employed at Camping World and on June 4, 2010 signed an Arbitration Agreement ["Arbitration Agreement" or "Agreement"]. ECF No. 5-1. In his Complaint Plaintiff asserts that on February 25, 2012, while at his place of employment, he was sexually harassed by a co-worker. Compl. ¶ 4, ECF No. 1-1. Plaintiff alleges that he reported the incident to his

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28, U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C.

superiors and was subsequently terminated for pursuing the harassment matter. Compl. ¶¶ 6-8. Plaintiff alleges causes of action for sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964 as amended, for breach of contract, and for unlawful employment practices in violation of S.C. Code Ann. § 1-13-80. Compl. ¶¶ 11-31.

Defendants argue that the issues in Plaintiff's lawsuit fall within the coverage of the Arbitration Agreement, and therefore, the Federal Arbitration Act ("FAA") requires a stay of the proceedings pending arbitration of Plaintiff's claims. ECF No. 5 at 2. Plaintiff argues that the Arbitration Agreement "does not clearly define what company is subject to the Agreement" and, as indicated by an earnings statement, FreedomRoads, LLC was one of his employers and was "not a party to the alleged Arbitration Agreement and therefore any claims against Freedom Roads, LLC are not subject to the Arbitration Agreement." ECF No. 8 at 1. Plaintiff does not dispute that the claims alleged in his Complaint are subject to arbitration under the terms of the Agreement.

II.     Law/Analysis

"The [FAA], 9 U.S.C. §§ 1-16 (2006), governs the rights and responsibilities of the parties with respect to an arbitration agreement." *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 342 (4th Cir. 2009). "Under the [FAA], a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted).

The court views a motion to compel arbitration in light of the strong federal and state policy favoring arbitration. *See, e.g., Patten Grading & Paving, Inc. v. Skanska United States*

*Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004) (noting strong federal policy favoring arbitration); *Carolina Care Plan, Inc., v. United HealthCare Services, Inc.*, 606 S.E.2d 752, 755 (S.C. 2004) ("South Carolina law generally favors arbitration."). The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). To that end, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (citation omitted). Thus, the court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*

A litigant can compel arbitration under the FAA if the litigant can demonstrate: "(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

Plaintiff opposes arbitration stating the agreement "does not clearly define what company is subject to the Agreement." ECF No. 8. The Arbitration Agreement specifically names the parties to the agreement as Camping World RV Sales defined as "the Company" and "the undersigned Associate of the Company." ECF No. 5-1 at 2. Plaintiff executed the last page of the agreement by signing the blank designated "Associate's Signature." *Id.* at 4. Accordingly, the

3

Arbitration Agreement clearly sets forth what company is subject to the Agreement. Additionally, the first paragraph of the Agreement states that all claims and disputes that the Associate may have "with or against the Company, any parent or subsidiary of, or any Company affiliated with the Company or any of its subsidiaries" are subject to the Agreement. *Id.* at 2.

In his Complaint Plaintiff refers to Defendants collectively as Camping World and states in February 2012 he "was employed at Camping World." ECF No. 1-1 at 1. In opposing the Motion to Stay Plaintiff further argues, citing to a March 2012 Earnings Statement, that FreedomRoads, LLC was one of his employers and was not a party to the Arbitration Agreement. Defendants assert that "pursuant to the express terms of the parties' agreement, the Arbitration Agreement applies to [Camping World] and to FreedomRoads as the parent company." ECF No. 9 at 3. Defendants include a footnote explaining that "FreedomRoads acts as the common paymaster for all of its subsidiary dealerships' employees." *Id.* at n.3. Defendants provide no other documentation regarding the relationship between Camping World and FreedomRoads, LLC. However, even if FreedomRoads, LLC is not a signatory to the Arbitration Agreement, Plaintiff should still be required to resolve his claims in arbitration pursuant to the "intertwined claims" test. *Carter v. MasTec Services Co., Inc.*, C.A. No. 2:09-2721-PMD, 2010 WL 500421, at *4 (D.S.C. Feb. 5, 2010) (citing *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 528-30 (5th Cir. 2000); *Hughes Masonry Co., Inc. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 841 n.9 (7th Cir. 1981). Based on principles of equitable estoppel, under the intertwined claims test, a signatory to an arbitration agreement is estopped from avoiding arbitration with a nonsignatory "when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Id.*

> [A]pplication of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent

4

> and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Id.* at *5 (quoting *Brantley v. Republic Mortg. Ins. Co.*, 424 F.3d 392, 396 (4th Cir. 2005)).

In *Carter*, defendant DirecTV argued that the plaintiffs also had to pursue their claims against it in arbitration because, although it did not sign the arbitration acknowledgment, the plaintiffs' claims against it were "based on the same facts and are inherently inseparable from the claims they assert against MasTec." *Id.* The court agreed, finding that because plaintiffs alleged that DirecTV and MasTec committed the same misconduct, plaintiffs' allegations against both defendants were "substantially interdependent of each other." *Id.* at 5. Here, as in *Carter*, Plaintiff's claims against FreedomRoads, LLC are interdependent with his claims against Camping World. Accordingly, even if it is determined that FreedomRoads, LLC is not a party to the Arbitration Agreement, under the principles of equitable estoppel, Plaintiff should be required to pursue his claims against both named Defendants in arbitration.

The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. "This stay-of-litigation provision is mandatory." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002). Based on the terms of the Arbitration Agreement, this action should be stayed pending arbitration.

III.   Conclusion

Based on the foregoing, the undersigned recommends that Defendants' Motion to Stay Action Pending Arbitration, ECF No. 5, be granted and this matter stayed pending the outcome of the arbitration. It is recommended that the stay be granted with leave to petition the court to

dismiss or reinstate the action if necessary and that the parties be instructed to advise the court within 30 days of the close of arbitration.

    IT IS SO RECOMMENDED.

March 5, 2014                                                                  Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**